```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MINERVA GOMEZ,

                          Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; MARCIA SULIT-TORRES,
PRINCIPAL,

                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/19/2022_

21 Civ. 1711 (AT) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

On February 25, 2021, Plaintiff *pro se*, Minerva Gomez, filed a complaint against Defendants the New York City Department of Education and Marcia Sulit-Torres, bringing claims for employment discrimination under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq*., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law § 290 *et seq*., and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*. *See* ECF No. 2; Amend. Compl., ECF No. 24. On November 9, 2021, Defendants moved to dismiss Plaintiff's claims, arguing that they fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defs. Mot., ECF No 26. On November 10, 2021, the motion was referred to the Honorable Sarah Netburn for a report and recommendation. ECF No. 30.

Before the Court is Judge Netburn's Report and Recommendation (the "R&R"), dated August 15, 2022, which recommends that Defendants' motion to dismiss be granted. R&R, ECF No. 37. On September 1, 2022, Plaintiff filed objections to the R&R. *See* Pl. Objs., ECF No. 38. For the reasons stated below, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R's conclusions except as stated below, GRANTS Defendants' motion to dismiss,

DISMISSES Plaintiff's ADEA claims with prejudice, and DISMISSES Plaintiff's claims under the NYSHRL and the NYCHRL without prejudice.

## DISCUSSION[1]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1–5, and, therefore, does not summarize them here.

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. Plaintiff's Objections

Plaintiff argues that the R&R erred in: (1) finding that *res judicata* bars Plaintiff's ADEA discrimination claims for damages; (2) concluding that she had not exhausted her ADEA disparate treatment claim based on the selection of a younger teacher as grade team leader; (3) imposing too high a standard for the sufficiency of her factual allegations regarding her ADEA discrimination claim; (4) determining that the temporal proximity between her complaint and her termination is insufficient to establish a causal connection for the purposes of her retaliation claim; and (5) not considering the facts contained in a separate harassment complaint that was attached as an exhibit to her opposition to Defendants' motion to dismiss in relation to her hostile work environment claim. Pl. Objs.

As for Plaintiff's first objection, the Court agrees with the R&R that Plaintiff's ADEA discriminatory discharge and retaliation claims are barred by *res judicata*. *See* R&R at 7–9. Although Plaintiff is correct that, hypothetically, there is relief available under the ADEA that is not available in a proceeding under Article 78, namely the availability of liquidated damages for willful violations, *see* Pl. Objs. at 7–8, Plaintiff has not sought liquidated damages, *see* Amend. Compl. at 6, and a liberal reading of her allegations does not support a claim for a willful violation of the statute, *see generally* Amend. Compl.; *cf. Smith v. CUNY*, No. 91 Civ. 2301, 1993

3

WL 106395, at *3 (S.D.N.Y. Apr. 7, 1993). Because all of the relief Plaintiff seeks in her ADEA retaliation and discrimination claims was available in her Article 78 proceeding, Plaintiff cannot litigate those claims here. *Cf. Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Therefore, the Court OVERRULES Plaintiff's objection and ADOPTS the R&R's conclusion that her ADEA discrimination and retaliation claims are barred by *res judicata*.

Next, with respect to Plaintiff's second objection, the Court agrees with the R&R that Plaintiff has failed to exhaust any ADEA disparate treatment claim based on Defendants' decision to appoint a younger teacher as grade team leader for the 2021-2022 school year. *See* R&R at 13–14. Plaintiff's New York State Division of Human Rights complaint concerned Defendants' alleged harassment of Plaintiff prior to her demotion from assistant principal, the complaint she made about that harassment, and Defendants' alleged retaliation in response to that complaint, which consisted of their demoting her from assistant principal. *See* Amend. Compl. at 13–20. Any claim based on Defendants' decision to appoint a younger teacher as a grade team leader is not "reasonably related" to Plaintiff's claim based on her demotion because that conduct would not "fall within the scope of the EEOC investigation which can reasonably be expected to grow out of" an investigation into Plaintiff's demotion that occurred months earlier. *See Clemmer v. Fordham Bedford Cmty. Servs.*, No. 14 Civ. 2343, 2015 WL 273657, at *3 (S.D.N.Y. Jan. 16, 2015) (citation omitted); *see also* Amend. Compl. ¶¶ 5, 15. Therefore, the Court OVERRULES Plaintiff's objection and ADOPTS the R&R's conclusion that Plaintiff failed to exhaust any disparate treatment claim based on the appointment of the grade team leader.

Furthermore, as to Plaintiff's third and fourth objections, the Court concludes that it need not determine whether the R&R erred in its assessment of Plaintiff's ADEA discrimination and retaliation claims because it adopts the R&R's conclusion that those claims are barred under the

4

doctrine of *res judicata*. Therefore, the Court REJECTS the R&R's conclusion that Plaintiff's ADEA discrimination and retaliation claims fail on the merits.

After considering Plaintiff's fifth objection, the Court agrees with Judge Netburn's conclusion that she should not have considered the facts in Plaintiff's harassment complaint that was attached as an exhibit to Plaintiff's opposition to Defendants' motion to dismiss. *See* R&R at 6–7, 19–20. Plaintiff cannot amend her complaint through briefs submitted in opposition to a motion to dismiss, *see Capers v. Kirby Forensic Psychiatric Ctr.*, No. 13 Civ. 6953, 2016 WL 817452, at *2 (S.D.N.Y. Feb. 25, 2016), and, therefore, Judge Netburn correctly disregarded these additional allegations when resolving Defendants' motion.

Moreover, the R&R properly considered the contents of Plaintiff's harassment complaint when determining whether to grant Plaintiff leave to amend her complaint with respect to her hostile work environment claim. *See* R&R at 21–22; *Capers*, 2016 WL 817452, at *2. The Court agrees with the R&R that, although the additional allegations demonstrate more pervasive harassment, they fail to show that Plaintiff was subjected to hostility because of her age, which is required for a hostile work environment claim under the ADEA. *See Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999); ECF No. 31-1.

Therefore, the Court OVERRULES Plaintiff's objection and ADOPTS the R&R's conclusion that Plaintiff failed to sufficiently allege a hostile work environment claim under the ADEA and should not be allowed leave to amend that claim.

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error, including the section declining supplemental jurisdiction over Plaintiff's state law claims, R&R at 20–21, and finds none. Accordingly, the Court OVERRULES Plaintiff's objections and, except as indicated above, ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R, ADOPTS the R&R's conclusions except as indicated above, GRANTS Defendants' motion to dismiss, DISMISSES Plaintiff's ADEA claims with prejudice, and DISMISSES Plaintiff's claims under the NYSHRL and the NYCHRL without prejudice.

The Clerk of Court is directed to terminate the motion at ECF No. 26, mail a copy of this order to Plaintiff *pro se*, and close the case.

SO ORDERED.

Dated: September 19, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge